UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF THE CALIFORNIA GOVERNOR, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-00917-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>RESPONSE DUE IN THIRTY DAYS |

　　　　Plaintiff Dimitri Z. Storm is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed the operative complaint on August 8, 2024. (ECF No. 1). Plaintiff generally claims that his phone calls and activities on his tablet were interfered with and disrupted between July 20, 2024 and August 8, 2024. (*Id.* at 2).

　　　　Because Plaintiff's complaint was both signed and filed on August 8, 2024, it appears from the face of the Complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. (*Id.* at 7; *see also* docket).

　　　　Accordingly, the Court will order Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. Such a dismissal would be without prejudice, so that Plaintiff may refile the action after exhausting administrative remedies, to the extent those remedies are still available to him.

I. **LEGAL STANDARDS**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in *Ross*, 578 U.S. at 639, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *See* 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .

2

> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643–44.

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II.     ANALYSIS

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Plaintiff complains of conduct that occurred between July 20 and August 8, 2024. (ECF No. 1 at 2). Plaintiff's complaint was both signed and filed on August 8, 2024. (*Id.* at 7). There simply was not enough time for Plaintiff to follow prison's grievance procedure and fully exhaust his claims before filing his suit.

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal would be without prejudice. Therefore, if Plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

In response to this order, the Court also welcomes Plaintiff to file any documents he believes demonstrates that he has exhausted all available administrative remedies.

## III.     CONCLUSION AND ORDER TO SHOW CAUSE

Accordingly, **IT IS ORDERED** that, within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. Plaintiff's response may also

3

contain any documents Plaintiff believes are responsive to the exhaustion issue. If Plaintiff fails to file a response the Court may recommend to a district judge that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. Again, if Plaintiff's case is dismissed for failure to exhaust administrative remedies, Plaintiff may refile the complaint after he has exhausted administrative remedies to the extent those remedies are still available to him.

IT IS SO ORDERED.

Dated: **September 17, 2024**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE