UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>        Plaintiff,<br><br> v.<br><br>OFFICE OF THE CALIFORNIA GOVERNOR, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00917-EPG (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE FOR FAILURE TO EXHAUST<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

      Plaintiff Dimitri Z. Storm is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff generally claims that his phone calls and activities on his tablet were interfered with and disrupted. For reasons stated below, the Court directs the Clerk of Court to assign a district judge to this case and recommends that this case be dismissed for failure to exhaust apparent from the face of the complaint.

**I.    BACKGROUND**

      Plaintiff filed the operative complaint on August 8, 2024. (ECF No. 1). He alleged that his phone calls and activities on his tablet were interfered with and disrupted between July 20, 2024 and August 8, 2024. (*Id.* at 2).

Because Plaintiff's complaint was both signed and filed on August 8, 2024, it appeared from the face of the Complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. (*Id.* at 7; *see also* docket). Accordingly, on September 17, 2024, the Court issued an Order to Show Cause, ordering Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. (ECF No. 8). Plaintiff has not filed a response to the Court's order and the time do so has passed.

## II.     LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in *Ross*, 578 U.S. at 639, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *See* 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643–44.

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

### III. ANALYSIS

It is apparent from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Plaintiff complains of conduct that occurred between July 20 and August 8, 2024. (ECF No. 1 at 2). Plaintiff's complaint was signed and filed on August 8, 2024. (*Id.* at 7). There simply was not enough time for Plaintiff to follow prison's grievance procedure and fully exhaust his claims before filing his suit.

Accordingly, this action should be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal is without prejudice. Therefore, if Plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

### IV. CONCLUSION AND ORDER

It is apparent from the face of the complaint that Plaintiff failed to exhaust administrative remedies available to him prior to filing this action.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. This action be dismissed without prejudice because it is clear from the face of the complaint that Plaintiff failed to exhaust administrative remedies prior to filing this suit; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Any objections shall be limited to no more than 15 pages including exhibits.

IT IS SO ORDERED.

Dated:  **November 7, 2024**            /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE